## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Land'or International

v.

Garrett et al.

November 3, 1993

Case No. (Chancery) CH930892

BY JUDGE ALFRED D. SWERSKY

Plaintiff's motion for temporary injunction will be denied. In order to grant such relief, the Court, assuming there is no adequate remedy at law, must balance the likelihood of irreparable harm to Plaintiff if the injunction is not granted with the harm inflicted by the injunction on Defendants. In addition, the Court must consider the likelihood of Plaintiff's ultimate success on the merits, as well as any public interest implications.

In determining the enforceability of a non-competition clause in an employment contract, the Court must consider the reasonableness of the restraint, whether it is unduly harsh, and its soundness from a public policy standpoint.

Defendants are sales people formerly employed by Plaintiff to sell property and recreational vacation services. They were not officers, directors, managers, nor in position of authority with Land'or. They had no special access to customer lists, and there is no evidence of wrongdoing in obtaining proprietary information about Land'or's clients.

Plaintiff's major claim is to a unique training program which it gives to employees, and it would cause competitive disadvantages if its trained employees are free to work for other companies in the same industry. This argument does not support a claim for irreparable injury.

The inability of Defendants Garrett and Chambers to engage in a lawful occupation and earn a living if the injunction were granted is sufficient

detriment to Defendants to offset Plaintiff's claim of irreparable injury, and the preliminary injunction will be denied.

Plaintiff's demurrer to Count I of the cross-bill will be sustained since the basis of the cause of action alleged is unclear, and leave will be granted Defendants to amend if they see fit. The demurrer will be overruled as to Count II of the cross-bill since there are sufficient allegations of a breach of fair dealing and good faith.

Plaintiff's motion to strike affirmative defenses will be denied.